**Supreme Court**
No. 2016-15-Appeal.

Amberleigh Hudson            :

v.            :

GEICO Insurance Agency, Inc., d/b/a            :
GEICO General Insurance Company.

**O R D E R**

This case came before the Supreme Court for oral argument on October 25, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. Amberleigh Hudson (plaintiff) appeals from a Superior Court judgment in favor of the defendant, GEICO Insurance Agency, Inc., d/b/a GEICO General Insurance Company (defendant), in this uninsured/underinsured-motorist (UM) claim case. The trial justice concluded that plaintiff was not "occupying" a motor vehicle for purposes of UM coverage at the time that she was injured and that, therefore, she could not recover under the insurance policy of that vehicle.

The plaintiff had been a passenger in a parked motor vehicle when she became aware of a sudden motor vehicle collision that occurred approximately twenty feet from her vehicle. She exited her vehicle to render roadside assistance as a "Good Samaritan" under G.L. 1956 § 11-56-1. The plaintiff was struck by an oncoming motor vehicle and injured. The trial justice found that coverage under the policy terms of the vehicle from which plaintiff had exited was not available. Aggrieved by this decision, plaintiff argues that an affirmative duty was imposed on her pursuant to § 11-56-1, which provides, in pertinent part: "[a]ny person at the scene of an

- 1 -

emergency who knows that another person is exposed to, or has suffered, grave physical harm shall, to the extent that he or she can do so without danger or peril to himself or herself or to others, give reasonable assistance to the exposed person."

After hearing the arguments of counsel and reviewing the memoranda of the parties, we conclude that cause has been shown and that this appeal should proceed to full briefing and argument. The parties are directed to brief the following issue among any others that they may wish to bring to the attention of this Court:

> Whether, in light of § 11-56-1, a "Good Samaritan" who was injured while rendering roadside aid at the scene of an accident may be considered to be "occupying" the insured motor vehicle for purposes of recovering UM benefits.

The Court also invites interested parties to submit amicus curiae briefs. Accordingly, this case is returned to the regular calendar for full argument. Further, we order an expedited resolution of this appeal; requests for continuances are discouraged. Briefing shall be in accordance with Article I, Rule 16 of the Supreme Court Rules of Appellate Procedure. The plaintiff shall file its opening brief, not exceeding fifty (50) pages, within forty (40) days of this order. The defendant shall have forty (40) days to file a responsive brief, not exceeding fifty (50) pages.

Additionally, the Court directs that the parties proceed to appellate mediation.

Entered as an Order of this Court, this **10th** day of **November, 2016**.

By Order,

_____/s/_____

Clerk



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    Amberleigh Hudson v. GEICO Insurance Agency, Inc., d/b/a GEICO General Insurance Company.

**CASE NO:**    No. 2016-15-Appeal.
(PC 12-6179)

**COURT:**    Supreme Court

**DATE ORDER FILED:**    November 10, 2016

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    N/A – Court Order

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Netti C. Vogel

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Joseph J. Altieri, Esq.

For Defendant:   Mark P. Dolan Jr.
                  Stanley F. Pupecki, Esq.